**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-01032-SRW |
| ) | |
| FAMILY HEALTH CARE CENTERS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Jane Doe brings the instant employment discrimination complaint against her former employer, Family Health Care Centers. ECF No. 1. Before the Court are two motions filed by Plaintiff: an application to proceed in district court without prepaying fees or costs, ECF No. 3, and a motion for leave to proceed under a pseudonym, ECF No. 2. Having reviewed the application, the Court finds that Plaintiff is unable to pay the costs associated with this action. Accordingly, the Court will grant the request and waive the filing fee. The Court will deny Plaintiff's motion to proceed under a pseudonym for the reasons explained below. Finally, the Court will require Plaintiff to file an amended complaint in accordance with the instructions below.

**Legal Standard**

Because the Court is allowing Plaintiff to proceed in forma pauperis in this matter, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the

Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against her former employer, Family Health Care Centers, under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA) for alleged discrimination based on her age, race, religion, gender, national origin, color, and disability. The

2

conduct Plaintiff complains of includes termination, failure to accommodate her disability, terms and conditions of employment differ from those of similar employees, retaliation, harassment, and other conduct – "hostile work environment, discrimination, intentional infliction of emotional distress …, Bully and intimidation tactics by staff to create and unsafe and nefarious environment." ECF No. 1 at 4.

Plaintiff was hired on November 18, 2024, and terminated on March 9, 2025. She lists a wide range of incidents that occurred during her employment, including: a co-worker threw papers at her, staff refused to meet with Plaintiff or showed up late to meetings, a co-worker stated that Plaintiff's ideas were not good, a co-worker took PTO when Plaintiff tried to schedule a meeting with her, and some staff members refused to take on clients who did not speak Spanish. *Id*. Plaintiff also alleges that some staff would stare at her "in an intimidating manner." *Id*. Plaintiff complains of being removed from a group chat, and a staff member rolling their eyes at Plaintiff. *Id*. at 7-8. Plaintiff states that she complained to human resources that she was being discriminated against based on her race and disability status. *Id*.

An HR assistant described Plaintiff as an "old lady" when she was hired. *Id*. at 6. Shortly thereafter, a supervisor stated Plaintiff was old and crippled. *Id*. Plaintiff claims that she was initially not allowed to park in the handicap lot of Defendant's clinic despite having a handicap parking placard. *Id*. Defendant's human resources department informed Plaintiff that she needed to bring in a doctor's statement to receive handicap parking at Defendant's clinic. *Id*. Although Plaintiff stated she had a disability, she had to park a block away. *Id*. Plaintiff does not identify her disability in the complaint. She was eventually given a closer handicapped parking spot, but claims this spot was sometimes occupied. *Id*. She also had issues with security staff about her

3

parking spot. *Id*. Plaintiff reported to human resources that she was being harassed due to her disability. *Id*.

A nurse who worked for Defendant asked Plaintiff to get a hepatitis shot. *Id*. at 7. Plaintiff refused due to her religious beliefs. Plaintiff does not state what her religion is. The nurse continued to ask Plaintiff to get the shot, and Plaintiff complained to HR that she "was being discriminated against due to my religion." *Id*. Plaintiff does not describe any adverse employment actions because of her refusal to get a hepatitis shot.

Finally, Plaintiff states that she was at a work conference between March 3 and 5, 2025. *Id*. at 8. Other staff would not speak to her at the conference. *Id*. Plaintiff says that she got food for her family member when Susan, a "woman involved in the conference," yelled at her for taking the food. *Id*. Plaintiff states two other coworkers had taken food for their partners and were not admonished. *Id*. Plaintiff "was the only employee who was yelled at for taking food for my family member." *Id*. Plaintiff identified one coworker in this incident as white, but did not identify the race of the other coworker. *Id*. Plaintiff believed she was being harassed based on her race. *Id*. She was terminated on March 9, 2025, for yelling at Susan. *Id*. She believes she was fired in retaliation for reporting discrimination. *Id*.

Plaintiff requests damages in the amount of $500,000.00, attorney fees, "removal of harassing and antagonist of plaintiff, training and education of staff and community members on discrimination, harassment, and bullying prevention and safety."

## Discussion

Based on a careful review and liberal construction of the filings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2).

4

Because Plaintiff is self-represented, she will be allowed to amend her Complaint in accordance with the instructions set forth below.

### I. Plaintiff must plead sufficient facts for the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.

In filing an amended complaint, Plaintiff must provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although self-represented complaints must be liberally construed, such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone*, 364 F.3d at 914.

The Court notes that Plaintiff has included claims of hostile work environment/harassment, retaliation, wrongful termination, and discrimination in the terms/conditions of her employment within her complaint. The Court is unable to ascertain, however, if these claims should be included in her Title VII claims, ADEA claims, ADA claims, or some combination of the aforementioned. Plaintiff may, of course, plead alternative theories for relief. In other words, if she wishes to plead retaliation under Title VII, the ADA and the ADEA, she may do so. However, she must make this clear in her amended complaint. These statutes have different elements, different standards, and different remedies available. The Court cannot analyze Plaintiff's claims unless it knows what actions Plaintiff is bringing under which statutes.

Plaintiff alleges discrimination based on her age, race, religion, gender, national origin, color, and disability, yet her complaint mentions no allegations relating to her gender, national origin, or color. Plaintiff should limit her complaint to the allegations that she can support with

5

facts.

## II.     Required Exhaustion of Administrative Remedies

Before bringing suit under Title VII or Title I of the ADA, a plaintiff must first file a charge of discrimination with the EEOC and receive a right-to-sue letter. *See Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (Title VII); 42 U.S.C. § 12117(a) (the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to persons alleging employment discrimination based on disability under the ADA); *Kent v. Dir., Mo. Dep't of Elementary and Secondary Educ. & Div. of Vocational Rehab.*, 792 F. Supp. 59, 61-62 (E.D. Mo. 1992) (as in Title VII cases, receipt of a right-to-sue letter is a prerequisite to bringing suit under Title I of the ADA). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation and citation omitted). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988) (citation omitted). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (internal quotation and citation omitted).

Plaintiff has not submitted a copy of the charge of discrimination she filed with the EEOC. Without reviewing her charge, the Court cannot determine whether Plaintiff has satisfied Title VII's administrative exhaustion requirements. *See Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 543 (2019) ("As a precondition to the commencement of a Title VII action in court, a

6

complainant must first file a charge with the [EEOC]."). In other words, the Court cannot assess whether the claims in this case are "like or reasonably related to the substance of the allegations in the administrative charge[.]" *See Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022).

Plaintiff may only "seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) (internal quotation and citation omitted). Any unexhausted claims are subject to dismissal. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (affirming dismissal of race discrimination claim where charge of discrimination only mentioned retaliation).

Accordingly, the Court will require Plaintiff to supplement her complaint with a copy of her original EEOC charge.

### III.  Instructions for Filing an Amended Complaint on an Employment Discrimination Complaint Form

Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

Rule 10(b) requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that Defendant violated; and 3) the relief Plaintiff seeks for the claim (for

7

example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, Plaintiff must describe the conduct she alleges is unlawful and the date(s) such conduct occurred, if known. In other words, Plaintiff must describe the adverse employment action(s) she believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct.

### Motion for Leave to Proceed Under Pseudonym

Plaintiff seeks to proceed in this action under a pseudonym "due to safety issues, confidential information has been used by stalkers and lurkers of the internet to harass." ECF No. 2. Plaintiff signs her name as "Jane Doe" on the complaint and motions filed with the Court and redacted her name from the Right to Sue letter.

"Neither the Eighth Circuit nor the Supreme Court has provided guidance regarding when a court should allow a plaintiff to proceed under a pseudonym." *Doe v. Washington Univ.*, 652 F. Supp. 3d 1043, 1045 (E.D. Mo. 2023) (citations omitted). However, the Federal Rules of Civil Procedure create a presumption against allowing parties to use pseudonyms. *Id.* (citing Fed. R. Civ. P. 10(a) & 17(a)). In addition, anonymity of parties conflicts with the public's common law and First Amendment right to access judicial proceedings, which includes access to the identity of parties. *Id.* (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)). When a plaintiff commences an action in federal court, she "invites public scrutiny of the dispute and the proceeding." *Chambliss v. Liberty Life Assur. Co. of Boston*, 2013 WL 5676486, at *2 (D. Minn. Oct. 18, 2013) (citation omitted).

Even though there is a presumption against proceeding anonymously, courts have allowed it in certain cases. In cases involving "matters of a sensitive and highly personal nature,"

8

"courts apply a balancing test, weighing a variety of (non-exclusive) factors to determine whether the plaintiff 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'" *Washington Univ.*, 652 F. Supp. 3d at 1045 (citations omitted). Factors considered by courts "include whether: (1) the plaintiff is challenging government activity, (2) the plaintiff is disclosing 'information of the utmost intimacy,' (3) the plaintiff risks criminal prosecution for the information alleged in the complaint, (4) the plaintiff would risk social stigma or physical threats, and (5) the plaintiff is particularly vulnerable." *Id.* at 1046 (citations omitted). Finally, courts have required the party seeking anonymity to show "fear of severe harm" and "that the fear of severe harm is reasonable." *Id.* (citations omitted).

  Plaintiff does not address any of these factors in her motion nor would any of these factors weigh in Plaintiff's favor with the available information. Plaintiff does not challenge a government action or disclose information of the utmost intimacy. Plaintiff would not risk criminal prosecution for the information alleged in the complaint. There is no information that would support Plaintiff being at risk of social stigma or physical threats. Plaintiff's request is not made due to the specific nature of the case, but rather a general request due to "stalkers and lurkers of the internet." After consideration of the factors, the Court finds that Plaintiff should not be permitted to proceed using a pseudonym.

  Federal Rule of Civil Procedure 10 requires that "[t]he title of the complaint must name all the parties…" Further, Federal Rule of Civil Procedure 11 mandates that "every pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented." Therefore, in filing her amended complaint, Plaintiff must include her name in the caption and sign the complaint using her name, under the penalty of perjury.

## Conclusion

For the foregoing reasons, the Court will waive the filing fee in this matter and require Plaintiff to file an amended complaint in accordance with the instructions above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed under a pseudonym (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall amend her complaint, on the court-provided form, and submit a copy of her EEOC right to sue letter and charge of discrimination, within **twenty-one (21) days** of the date of this Order in compliance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall modify the docket to reflect Darnetta Carter's status as Plaintiff in this matter.

Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 17th day of September, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE